M’Girk, C. J.,
delivered the opinion of the Court.
The case appears to he, that the Circuit Court imposed two fines on the plaintiff in error, for contempts of Court, and afterwards suspended him from practice in the Circuit Court, for the county of St. Louis, for six months.
It is insisted hy the plaintiff, that the Circuit Court has no power to impose a fine for a contempt. This Court is of a different opinion; the proceeding of the Court as to fines, is well enough.
It appears by the record, that the Court admonished the plaintiff, who was an Attorney, engaged in the trial of a cause before the Court, and that the Court admonished him for his frequent interruptions of the counsel of the opposite side, while speaking; upon which the plaintiff “ demanded, in a contumacious manner, that his name be stricken from the roll of practising Attorneys, and as he left the bar, and in the hearing of the Court, uttered threatening language, to-wit: that he would settle the matter with him, out of doors. The Court doth, therefore, order and direct, that the said George F. Strother be suspended from the practice of the law in the Circuit Court for the county of St. Louis, for and during the term of six months from this day.”
The sixth section of the act of 18th December, 1824, provides, that the Supreme Court shall have power to strike from the rolls, any Attorney, guilty of contempt, *433 mal practice, &c. The seventh section provides, that the Circuit Court shall have power to suspend from practice, any Attorney guilty of any misconduct, which, in the opinion of the Court, issuch as to justify his being stricken from the rolls; and in case of the suspension of any Attorney, as aforesaid, the cause of suspension shall he stated in the order for suspension, and a copy thereof shall he sent to the Supreme Court, &c.
This order of suspension, as it appears on the record, is wrong, in two respects; first, the Com t can only suspend, when it is its opinion, that the Attorney be stricken from the roll; no such opinion is given here, but the Court seems to be of a contrary opinion ; for it seems to think a suspension for six months, is all the Attorney ought to be punished. It is also wrong in this, that it is for six months, when it should have been indefinite. As to the point, whether a writ of error will lie in a case like this, we think it will.
The judgment of the Court below is reversed, as to the suspension, and affirmed, as to the fi.ies. The cause is sent back to the Circuit Court, and it is ordered, that said Strother be restored to his privilege to practice law in that Court.